RECORD NO. 15-4365

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## WILLIE LOUIS ROSEDERIE SMITH, a/k/a WL,

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT COLUMBIA

───────

**BRIEF OF APPELLANT**

───────

Mario A. Pacella
STROM LAW FIRM, L.L.C.
2110 Beltline Boulevard, Suite A
Columbia, South Carolina  29204
(803) 252-4800

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION .............................................................................. 1

STATEMENT OF ISSUE PRESENTED ................................................................ 1

STATEMENT OF THE CASE ................................................................................ 1

      Statement of the Facts ................................................................................... 3

SUMMARY OF ARGUMENT ............................................................................... 4

ARGUMENT ........................................................................................................... 4

      The District Court erred in failing to allow Appellant to withdraw his
      guilty plea ..................................................................................................... 4

CONCLUSION ........................................................................................................ 5

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anders v. California,
   386 U.S. 738 (1967)..................................................................................5

United States v. Moore,
   931 F.2d 245 (4th Cir. 1991) ..................................................................3, 5

United States v. Ubakanma,
   215 F.3d 421 (4th Cir. 2000) .....................................................................4

**STATUTES**

18 U.S.C. § 3231 ........................................................................................1

18 U.S.C. § 3742 ........................................................................................1

21 U.S.C. § 841(a)(1)...............................................................................1, 2

21 U.S.C. § 841(b)(1)(A) ..........................................................................1, 2

21 U.S.C. § 841(b)(1)(C) ..........................................................................1, 2

21 U.S.C. § 843 ..........................................................................................2

28 U.S.C. § 41 ............................................................................................1

28 U.S.C. § 1291 ........................................................................................1

28 U.S.C. § 1294(1) ...................................................................................1

**RULES**

Fed. R. Crim. P. 11...............................................................................2, 3, 5

Fed. R. Crim. P. 11(c)(1)(C)........................................................................2

Fed. R. Crim. P. 11(d)(2)(B) ................................................................................... 4

Fed. R. Crim. P. 32(d) ............................................................................................ 4

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This is an appeal from final judgment sentencing the Appellant Willie Louis Rosederie Smith to one hundred twenty months' imprisonment as to the lesser included offense of Count 1. (Judgment of Conviction at 2.) Appellant plead guilty to Count 1, which was for violating 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 841(b)(1)(C). (Judgment of Conviction at 2.) In addition to the sentence of one hundred twenty months, the Court imposed a sentence of 8 years supervised release. (Judgment of Conviction at 3.) The Judgment in the Criminal Case was filed on June 16, 2015. Appellant filed his Notice of Appeal June 16, 2016. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 in that the underlying indictment alleged offenses against the laws of the United States. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 41, § 1291, § 1294(1), and 18 U.S.C. § 3742.

## STATEMENT OF ISSUE PRESENTED

1) Whether the District Court erred in failing to allow Appellant to withdraw his guilty plea.

## STATEMENT OF THE CASE

On November 19, 2013, the District Court for the District of South Carolina, Columbia Division, unsealed a grand jury indictment charging Appellant with possession with one count of conspiracy to possess with the intent to distribute

1

cocaine and cocaine base. (Indictment.) Appellant was also charged with three counts of using a communication facility to facilitate a felony under the controlled substances act pursuant to 21 U.S.C. § 843.[1] (Indictment.)

On August 27, 2014, Appellant filed a written plea agreement seeking to plead guilty to one count of conspiracy to possess with the intent to distribute cocaine and cocaine base, a violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 841(b)(1)(C). (Plea Agreement.) Following a Rule 11 hearing on August 28, 2014, the Court accepted Appellant's guilty plea. (Plea Transcript at 46.) Appellant's plea agreement carried a sentencing cap of twelve years and was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Plea Agreement.)

On April 14, 2015, Appellant filed a Motion to Withdraw Guilty Plea. (Dkt. Doc. 274.) Following a hearing where Appellant was provided the opportunity to present evidence and testify, the Court denied Appellant's Motion. (May 7, 2015 Motion Hearing Transcript at 25.)

On June 12, 2015, the Honorable Joseph F. Anderson, Jr., sentenced the Appellant to 120 months as to the lesser included offense in Count 1. (Sentencing Transcript at 9-10; Judgment of Conviction at 2.) The Court dismissed the

---

[1] Counts 10-12 of the Indictment were dismissed pursuant to the plea agreement. (Judgment of Conviction at 1.)

remaining counts of the Indictment. (Sentencing Transcript at 11; Judgment of Conviction at 1.)

The Appellant timely filed a Notice of Appeal.

**Statement of the Facts**

After expressing dissatisfaction with counsel, Appellant filed a Motion to Withdraw his Guilty Plea. At the hearing, Appellant presented evidence that at the time of the change of plea hearing, he was prescribed Remeron and Prozac for depression. The medications were prescribed on August 22, 2014 and August 23, respectively, and the Rule 11 hearing took place on August 28, 2014. (May 7, 2015 Motion Hearing Transcript at 3.) Appellant did not testify at the hearing on his Motion to Withdraw Guilty Plea. However, at the change of plea hearing, Appellant testified that he was not under the influence of drugs, medicine, or alcohol. (Change of Plea Transcript at 8.)

At the hearing, the District Court applied the Moore factors and found that the plea was knowing and voluntary. (May 7, 2015 Motion Hearing Transcript at 23.) The District Court further found that Appellant had the assistance of well-reasoned and experienced counsel and that Appellant acknowledged his involvement in the criminal activity outlined by the Government's recitation of the facts of the case. (May 7, 2015 Motion Hearing Transcript at 24.) Additionally, the District Court concluded Appellant did not make a sufficient showing of legal

3

innocence. On that basis, the District Court denied Appellant's motion. (May 7, 2015 Motion Hearing Transcript at 25.)

## SUMMARY OF ARGUMENT

This district court erred in failing to permit Appellant to withdraw his guilty plea on the grounds of actual innocence and lack of competency due to medications.

## ARGUMENT

**The District Court erred in failing to allow Appellant to withdraw his guilty plea.**

The denial of a Motion to Withdraw Guilty Plea is reviewed for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Rules 11(d)(2)(B) and 32(d) of the Federal Rules of Criminal Procedure state that a District Court may allow a defendant to withdraw his guilty plea before he is sentenced "upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). In determining whether to permit a defendant to withdraw a guilty plea, the district court should consider the following:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

4

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In addressing the Moore factors, this Court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final if the Rule 11 hearing is adequate.

Counsel has found no cases supporting Appellant's contention that the District Court abused its discretion in denying Appellant's Motion to Withdraw his Guilty Plea. Accordingly, this issue is briefed pursuant to the mandate of Anders v. California, 386 U.S. 738 (1967).

## CONCLUSION

As required by Anders v. California, 386 U.S. 738 (1967), counsel has reviewed both the facts and legal issues in this case. Based on that review, counsel has determined that there are no meritorious issues for appeal. A copy of this brief has been provided to the Appellant, and he has been informed of his right to raise any additional issues within a reasonable time.

RESPECTFULLY SUBMITTED,

/s/ Mario A. Pacella
Mario A. Pacella
STROM LAW FIRM, L.L.C.
2110 Beltline Boulevard, Suite A
Columbia, South Carolina 29204
(803) 252-4800
Counsel for Appellant

August 28, 2015
Columbia, South Carolina

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,044*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: August 28, 2015                        /s/ Mario A. Pacella
                                              *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28th day of August, 2015, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>   Nancy C. Wicker
>   OFFICE OF THE U.S. ATTORNEY
>   1441 Main Street, Suite 500
>   Columbia, South Carolina  29201
>   (803) 929-3081
>
>   *Counsel for Appellee*

I further certify that on this 28th day of August, 2015, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

>   Willie Louis Rosederie Smith
>   Inmate No. 26671-171
>   FCI Estill
>   FEDERAL CORRECTIONAL INSTITUTION
>   Post Office Box 699
>   Estill, South Carolina  29918
>
>   *Appellant*

/s/ Mario A. Pacella
*Counsel for Appellant*